IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE T. HAMILTON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 20-4826 |
| | : | |
| CHAD GUGGER, *et al.* | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                               October 13, 2020

Incarcerated for over seven years based on his guilty plea in state court, Maurice T. Hamilton again seeks to sue state actors allegedly involved in his 2013 arrest for fabricating evidence which he claims led to his 2013 guilty plea. Sitting in jail, he seeks to proceed without paying the filing fees. As we find he qualifies to proceed *in forma pauperis*, Congress requires we screen his complaint before incurring further costs including serving defendants. After reviewing Mr. Hamilton's third complaint (and second filed this year) challenging this same conduct, we must again dismiss his most recent complaint as barred by the two-year statute of limitations for civil rights claims. Even if he could plead a fact allowing us to proceed based on a tolling doctrine, he does not plead a fact allowing us to infer the personal involvement of three of the four officers. As we find he cannot proceed in 2020 on claims arising from alleged fabricated evidence leading to his 2013 guilty plea, we dismiss this second complaint as frivolous. We dismiss with prejudice as Mr. Hamilton cannot possibly timely state a civil rights claim for alleged police conduct in 2013 admittedly known to him since his 2013 guilty plea.

I.      *Pro se* alleged facts and facts of public record.[1]

The Philadelphia Police arrested Maurice Hamilton in early 2013. The Commonwealth charged him with possessing four firearms.[2] Mr. Hamilton concedes he possessed one gun when arrested.[3] He alleges Officer Chad Gugger "place[d] three more firearms in evidence."[4] Mr.

Hamilton further alleges in his *pro se* complaint "[Officer Gugger's] fellow officer was also involve[d] in the incident]."[5]

Mr. Hamilton pled guilty on December 20, 2013 to two counts of aggravated assault, two counts of assaulting a law enforcement officer, possession of a firearm by a minor, aggravated harassment by a prisoner, and aggravated assault with serious bodily injury.[6]

Almost six years later, he sued the state court judge The Honorable Benjamin Lerner and several police officers including Officer Chad Gugger on March 13, 2019 for the same conduct he alleges today in this case.[7] We denied his first request to proceed *in forma pauperis* because Mr. Hamilton failed to provide a certified statement of his prisoner account but we granted him leave to either pay the filing fee or file the certified statement.[8] He instead moved for post-conviction relief before us which we dismissed as lacking jurisdiction over a conviction in another jurisdiction.[9]

Mr. Hamilton then filed a second *pro se* complaint before us on January 31, 2020 again seeking to proceed *in forma pauperis*.[10] He again sued Judge Lerner but now added a Police District as a defendant. We granted him leave to proceed *in forma pauperis* but dismissed his complaint as frivolous following our Congressionally mandated screening as a judge is immune from actions taken in his official capacity and Mr. Hamilton cannot sue an entire police district without alleging specific conduct and supervisory liability by the City of Philadelphia.[11] He moved for a refund of his filing fees and then belatedly requested we reconsider our dismissal of his second complaint. We denied his request construed as a motion for reconsideration on July 16, 2020.[12]

Twelve days later, Mr. Hamilton chose to avoid further scrutiny in this Court and filed the same claims in the United States District Court for the Middle District of Pennsylvania.[13] He

2

dropped Judge Lerner and now alleges state actors Chad Gugger, Timothy Auty, Patrick Valentino, and Tracy Thomas violated his civil rights during his March 2013 arrest when Chad Gugger placed the additional firearms into evidence.[14] Mr. Hamilton wrote to the Middle District of Pennsylvania on August 5, 2020 requesting Judge Peter Welsh review his discovery.[15] He provided his sentence summary confirming he pled guilty to a variety of charges on December 20, 2013.[16] As he did before us in early 2020, Mr. Hamilton moved for leave to proceed *in forma pauperis* on August 31, 2020.[17] The United States District Court for the Middle District of Pennsylvania transferred Mr. Hamilton's case to us on October 2, 2020 after determining venue to be improper in the Middle District of Pennsylvania.[18]

## II.     Analysis

Maurice T. Hamilton claims Philadelphia Officer Chad Gugger, Officer Timothy Auty, Sergeant Tracy Thomas, and Detective Patrick Valentino violated his Fourth, Fifth, and Eighth Amendment rights on March 28, 2013.[19]

Mr. Hamilton seeks to proceed *in forma pauperis*. Following review of his sworn statement including his lack of assets while incarcerated and confirming he is not barred from proceeding *in forma pauperis* under section 1915, we again grant him leave to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(e)(2)(B), Congress directs we dismiss a claim we find frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. We may dismiss a claim under 1915(e)(2)(B)(i) when the claim is legally or factually frivolous.[20] A claim is legally frivolous "where '[none] of the legal points [are] arguable on their merits."[21] A claim is factually frivolous "where the claim's 'factual contentions are clearly baseless.'"[22]

When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii), we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[23] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] A claim which "offers 'labels and conclusions or 'a formulaic recitation of the elements of a cause of action will not do.'"[26] We are "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings . . . '"[27] However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."[28]

Mr. Hamilton claims the four officers' actions seven years ago violate his civil rights. Mr. Hamilton must plead facts allowing us to plausibly infer the named state actors violated "a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law."[29] He must demonstrate each individual defendant's personal involvement in the alleged wrongdoing.[30] "The first step in evaluating a Section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"[31]

Mr. Hamilton's claims filed on July 28, 2020 are based on events in March 2013. His civil rights claims, absent some plead tolling, are facially barred by the statute of limitations.

A complaint is "subject to dismissal for failure to state a claim on statute of limitations grounds if it is apparent on the face of the complaint that the action was untimely filed."[32] Our Court of Appeals directs a civil rights claim must be "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims."[33] In

4

Pennsylvania, the statute of limitations for a personal injury claim is two years.[34] Therefore, "[t]he statute of limitations for a § 1983 claim arising in Pennsylvania is two years."[35]

Mr. Hamilton's claims arise in the Commonwealth subject to its two-year statute of limitations period for personal injury tort claims. Mr. Hamilton alleges the arrest and planting of evidence occurred on March 28, 2013. Mr. Hamilton plead guilty on December 13, 2013 in the Philadelphia Court of Common Pleas. Mr. Hamilton filed this complaint on July 28, 2020, more than two years after the incident occurred and Mr. Hamilton plead. He has not plead a fact which could possibly toll the statute of limitations. We must dismiss Mr. Hamilton's claims arising from the March 28, 2013 conduct as time barred.

### III. Conclusion

Mr. Hamilton has not plead a claim which can proceed beyond our screening required by Congress. Mr. Hamilton's claim is time-barred by Pennsylvania's personal injury statute of limitations which governs Section 1983 claims. We dismiss his complaint under Section 1915.

---

[1] In deciding a Rule 12(b)(6) motion, we must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

[2] ECF Doc. No. 1 (Complaint) at 4.

[3] *Id*.

[4] *Id*.

[5] *Id*. at 5.

[6] ECF Doc. No. 6 at 2. While not material to his present civil rights claims, we are also aware from the public record of Mr. Hamilton's pending post-conviction petition. The available public record does not detail the grounds of his post-conviction petition. Mr. Hamilton does not plead or disclose his ongoing state court post-conviction procedures. But his civil rights claims arise from

5

alleged fabricated evidence in 2013. ECF Doc. No. 1 at 4.  We do not see how we could toll the statute of limitations based on his post-conviction arguments.  We are also not aware whether he may be able to seek habeas relief after exhausting his post-conviction procedures in state court.  According to the public record, Mr. Hamilton negotiated his guilty plea and received his sentence on December 20, 2013.  *See* CP-51-CR-0005144-2013 (Phila.C.C.P.). Over four years later, Mr. Hamilton petitioned for post-conviction relief. Judge Lerner filed a dismissal notice of the post-conviction petition on April 12, 2018. Judge Lerner then twice continued the post-conviction petition for further filings by defense on September 9, 2018 and November 29, 2018. On December 13, 2018 Judge Lerner ordered production of documents, filing of records, and notes of testimony. Mr. Hamilton filed a miscellaneous motion on January 31, 2019. On January 31, 2019 and again on February 1, 2019, Judge Lerner continued the post-conviction claim for further filings by Commonwealth. Judge Lerner continued the petition for further investigation by the defense on April 3, 2019, and on May 14, 2019 Judge Lerner continued the petition for defense to file an amended petition. On June 18, 2019, Judge Lerner again continued the post-conviction petition, and Mr. Hamilton filed a memorandum of law with the Court on July 17, 2019. Mr. Hamilton filed an amended post-conviction petition on August 1, 2019.  Judge Lerner continued the petition on August 20, 2019 for status. Judge Lerner issued another Order to Comply on October 10, 2019, and continued the petition for defense to file an amended petition on December 3, 2019. On January 30, 2020,  March 13, 2020, and July 22, 2020, Judge Brandeis-Roman continued the post-conviction petition for further investigation by defense. On September 11, 2020, Judge Brandeis-Roman continued the post-conviction petition for the Court to send 907 notice. On September 14, 2020 and October 2, 2020, Judge Brandeis-Roman filed a Dismissal Notice. According to the public record, Judge Brandeis-Roman scheduled the post-conviction proceeding for October 28, 2020. *See Commonwealth v. Hamilton*, Nos. CP-51-CR-0005142-2013, CP-51-CR-005143-2013, CP- 51-CR-0005144-2013 (Phila. C.C.P.).

[7] C.A. No. 19-1061 (E.D.Pa.).

[8]  *Id.* at Doc. No. 4.

[9]  *Id.* at Doc. Nos. 7, 8.

[10]   C.A. No. 20-628 at ECF Doc. Nos. 1, 4.

[11]  *Id.* at Doc. Nos. 6, 7.

[12]  *Id.* at Doc. Nos. 12, 13, 16, 17.

[13] ECF Doc. No. 1 at 1.

[14] *Id*. at 4-5.

[15] ECF Doc. No. 5.

[16] ECF Doc. No. 6 at 1.

---

[17] ECF Doc. No. 9. Mr. Hamilton also provided his Prisoner Trust Fund Account Statement. ECF Doc. No. 10.

[18] ECF Doc. No. 11 at 2. Judge Saporito explained venue was improper because at the time of filing, Mr. Hamilton was incarcerated in the Eastern District of Pennsylvania, all named defendants were situated in the Eastern District of Pennsylvania, and "'a substantial part of the events or omissions giving rise to the [plaintiff's] claim[s] occurred within the Eastern District of Pennsylvania." *Id.* at 1-2.

[19] ECF Doc. No. 1 at 3, 5.

[20] *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *1 (D.N.J. June 6, 2019) (citations omitted).

[21] *Id.*

[22] *Id.*

[23] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[24] *Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 230 (3d Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

[25] *Iqbal*, 556 U.S. at 663.

[26] *Id.* at 677 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[27] *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, at * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[28] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[29] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

[30] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

[31] *Nicini*, 212 F.3d at 806 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 (1998)).

[32] *Lawrence v. I.N.S.*, No. 3:18-859, 2018 WL 8050720, at *4 (M.D. Pa. Nov. 2, 2018), report and recommendation adopted, 2019 WL 1651703 (M.D. Pa. Apr. 17, 2019) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994)).

[33] *Bressi v. Gembic*, 752 F. App'x 113, 114 (3d Cir. 2019) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)).

---

[34] 42 Pa. Cons. Stat. § 5524(2) (2014).

[35] *Gembic*, 752 F. App'x at 114 (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).